# RUPPERT v. McARDLE.

## McARDLE v. RUPPERT.

LIFE TENANT; EXECUTORS AND ADMINISTRATORS; APPRAISAL; JUDICIAL
        SALES.

1. The enhancement in value of the stock and fixtures of a store business,
   during a life tenancy therein created by will, inures to the estate
   of the life tenant, although the identity of the original goods has
   been lost through bona fide dealing of the life tenant; and where the
   property is sold at a judicial sale after the termination of the life
   tenancy, for more than the then appraised value, the amount which
   the life tenant's executor may claim is not merely the difference
   between the respective values appraised at the beginning and at the
   close of the life tenancy, but the difference between the first appraisal
   and the sale price, less deductions for the expenses of the sale.

2. An appraisement is merely prima facie evidence of the value of prop-
   erty, and may be accepted in the absence of better evidence of its
   market value; but a judicial sale is the best evidence of such value.

Nos. 2661 and 2662.   Submitted October 5, 1914.   Decided November 2,
                              1914.

HEARING on cross appeals from an order of the Supreme
Court of the District of Columbia holding a Probate Court,
directing one executor to pay to another executor a certain sum
of money.                              *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of
the District of Columbia requiring Thomas E. McArdle, exec-
utor of the estate of Appolonia Stuntz, to pay to Henry J.
Ruppert, executor of the estate of Kate France, the sum of
$79.25.

It appears that Appolonia Stuntz died in the city of Washington, District of Columbia, in 1901, testate, leaving certain real and personal property to one Kate France for life. Among the property left was a small drygoods business, consisting of notions, toys, etc. Upon the appointment of Thomas E. McArdle as executor of the estate of Stuntz, the goods and fixtures in the store were appraised at $350. Under the will, France was to carry on the business in the store for life, and enjoy the benefits thereof, which she continued to do until the date of her death, in 1913. Upon the qualification of Henry J. Ruppert as executor of the estate of France, the goods and fixtures were appraised at $429.25. Both appraisements were made under order of court.

Subsequent to the last appraisement, the court ordered the Stuntz executor to sell the goods and fixtures, which was done, the amount realized being $740. Whereupon this action was brought by the France executor to recover $390, the difference between the first appraisement and the selling price, less the proportionate share of the expense of selling the property. The Stuntz executor answered, admitting the life estate of France and the inventories and sale, but denying any liability whatever, maintaining, as matter of law, that the excess became a part of, and belonged to, the Stuntz estate. On hearing, the court entered a decree in favor of the France executor for the sum of $79.25, the difference between the valuations fixed by the respective appraisements. From the decree both parties have appealed.

*Mr. Francis L. Neubeck* for Ruppert.

*Mr. Daniel W. Baker* and *Mr. William E. Leahy* for McArdle.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Can the France executor recover in any view of the case? The property in question bequeathed to the life tenant was a

store.   The only way she could derive any use and benefit from it was by selling the goods and replacing them with others of like or different kind.. She was entitled not only to the profit on the goods sold, but the profits of the business generally. She was not required to keep the stock on hand down to the level shown by the original appraisement. She could increase the business in volume and value as she pleased, and any increase so made over the amount of the original appraisement was hers. From the nature of the property and business, it would be folly to require the return of the same or like property at the termination of the tenancy.   Either an equivalent amount of property under a due appraisement, or the value of the property originally received, is all that the estate of the life tenant can be held to account for.   In this instance, the property has been sold; hence, the value of the original property, as shown by the appraisement thereof, is the proper measure of the interest of the Stuntz executor therein.

But it is contended that the goods became so mixed by the act of the life tenant that those received from the Stuntz estate and those subsequently added by France could not be identified or separated.   It is sufficient answer that the very object of the life tenancy would have been frustrated had she been required to keep the goods received, or goods of like kind, to turn over at the termination of her tenancy.   Under the will of Stuntz, the store was given the life tenant for her use and benefit.   Of necessity, the original goods and the proceeds from the sale thereof would soon become mixed in the general business, beyond the possibility of identification.   In the absence of any fraud or wrongdoing on the part of the life tenant, it would be inequitable to hold that the life tenant was not entitled to the enhancement in the general value of the store.   It was not contemplated by the bequest that the estate of Stuntz should be enhanced, but that all profits derived from it should inure to the use and benefit of the life tenant.   The most, therefore, that the Stuntz executor can equitably claim is the value of the estate turned over to the life tenant.

But the court decreed judgment only for. the difference be-

tween the two appraisements. Had there been no sale, the appraisements would have been a proper basis for judicial computation. But in the last instance, there was a judicial sale, which, we think, should be taken as conclusive evidence of the value of the property. An appraisement is merely prima facie evidence of the value of property, and may be accepted in the absence of better evidence of its market value. But a fair sale is the best evidence of the market value of the property sold. The court therefore erred is not decreeing judgment for the difference between the first appraisement and the sum for which the goods were ultimately sold, less the cost of conducting the sale.

The decree is reversed, with costs, against Thomas E. McArdle, executor of the estate of Appolonia Stuntz, deceased, and the cause remanded for a decree in accordance with this opinion. *Reversed.*